UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:13-cv-20114-HUCK/O'SULLIVAN

DIMITRI VORBE,

    Plaintiff,

v.

LEOPOLD L. JOSEPH, RAYMOND A. JOSEPH, HAITI-OBSERVATEUR GROUP, an unknown business entity, and LYNN GARRISON and PATRICK GARRISON d/b/a www.haitian-truth.org,

    Defendants.

_____ /

**AMENDED COMPLAINT[1]**

    Plaintiff, DIMITRI VORBE ("Plaintiff" or "Vorbe"), by and through his undersigned attorneys, herein sues Defendants, LEOPOLD L. JOSEPH ("Leo Joseph"), RAYMOND A. JOSEPH ("Ray Joseph"), HAITI-OBSERVATEUR GROUP ("HOG") (collectively, the "HOG Defendants"), and LYNN GARRISON and PATRICK GARRISON, and states as follows:

**Jurisdictional and Venue Allegations**

    1.    This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

    2.    Plaintiff brings this action for libel against Defendants for highly defamatory statements about Plaintiff which were published (a) in the Haiti-Observateur newspaper, both in

---

[1] Amended only to substitute in the individuals believed to be the owners and/or publishers of www.haitian-truth.org, who was named as a defendant in Plaintiff's initial complaint as a "John Doe." This Amended Complaint does **not** in any way amend or alter the pertinent allegations or causes of action against Defendants, Leopold Joseph or Raymond Joseph. The Clerk has already entered defaults against those Defendants (D.E. 13, 14), which Plaintiff leaves undisturbed.

print circulation and on their website, www.haiti-observateur.net, and (b) on the website www.haitian-truth.org.

3. Plaintiff Vorbe is a citizen of the country of Haiti and is *sui juris*. Vorbe is a businessman with substantial Haitian and international business dealings. Vorbe had previously enjoyed an excellent business and personal reputation.

4. Defendant Leo Joseph is *sui juris*, and, upon information and belief, is a citizen of New York. He is one of the publishers of the Haiti-Observateur newspaper.

5. Defendant Ray Joseph is *sui juris*, and, upon information and belief, is a citizen of New York. He is one of the publishers of the Haiti-Observateur newspaper.

6. Defendant Lynn Garrison is *sui juris*, and, upon information and belief, is a citizen of Florida.

7. Defendant Patrick Garrison is *sui juris*, and, upon information and belief, is a citizen of Oregon.

8. Defendant HOG is an unknown business entity and is believed to be the alter ego of Defendants Leo Joseph and Ray Joseph – publishers of the Haiti-Observateur newspaper. HOG was, at one point, registered to do business in the State of New York as Haiti-Observateur Group, Inc. However, that entity was dissolved as of December 29, 1999.

9. Upon belief and information received through subpoena by the internet domain registrars and hosting provider for www.haitian-truth.org, Defendants Lynn Garrison and Patrick Garrison (collectively, the "H-T Defendants") own and/or operate the website www.haitian-truth.org. On the website, the H-T Defendants claim that a person by the name of "Michael Collins" operates the website. However, upon information and belief, Michael Collins is merely an alias for Lynn Garrison and/or Patrick Garrison.

10. Upon belief, Leo Joseph may also be an owner and/or operator of www.haitian-truth.org, since he authors some articles on the website.

11. Subject matter jurisdiction is based on 28 U.S.C. § 1332(a)(2) (diversity jurisdiction between citizens of a State and citizens of a foreign state).

12. As it pertains to the HOG Defendants, personal jurisdiction is based on Fla. Stat. § 48.193(1)(b), because the HOG Defendants published libelous material that was (1) circulated in Florida in print issues of the Haiti-Observateur newspaper, and (2) posted on the Haiti-Observateur website, which was purposefully directed to and/or accessed in Florida. In fact, the highest concentration of United States visitors to the Haiti-Observateur website in the past 12-months accessed the website from Florida.[2]

13. As it pertains to the H-T Defendants, personal jurisdiction is based on Fla. Stat. § 48.193(1)(b), because they published libelous material about Plaintiff on www.haitian-truth.org which was purposefully directed to and/or accessed in Florida, where there exists a large Haitian and Creole-speaking population. Moreover, Defendant Lynn Garrison is, upon information and belief, a resident of Florida.

14. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred here. Alternatively, venue is proper here under 28 U.S.C. § 1391(b)(3) because all the Defendants are subject to personal jurisdiction in this District, for the reasons set forth above.

---

[2] Approximately 32% of United States visitors to the Haiti-Observateur website in the past 12 months accessed the website from Florida (13,383 of 41,404). *See* http://clustrmaps.com/counter/maps.php?url=http://www.haiti-observateur.net (accessed Jan. 8, 2013). More visitors accessed the Haiti-Observateur website from the State of Florida in the past 12 months than visitors from any other entire country, including Haiti.

**RICHMAN GREER, P.A.**
Miami ● West Palm Beach

15. Plaintiff has retained the undersigned law firm and has agreed to pay it a reasonable fee for its services.

16. All conditions precedent to the filing of this action have occurred or have been waived.

## General Allegations against the HOG Defendants

17. The HOG Defendants are publishers of the Haiti-Observateur newspaper, with circulation in print and online. According to its website, the newspaper has been "in publication since 1971 and is an excellent advertising tool . . . appeal[ing] to a broad cross-section of the Haitian community."[3] It claims to have a weekly circulation of 75,000 newspapers.[4]

18. Its stated mission is "Promoting Haiti and Haitians,"[5] but in reality, the Haiti-Observateur merely serves as a means for the Josephs and their accomplices to publicly denigrate, disparage, and attempt to discredit those whom they dislike for political and personal reasons.

19. The newspaper is published primarily in French (and sometimes in English), and is intended to be read by Haitian and Creole-speaking communities around the world, and in particular, those in Florida and New York.

20. The largest concentration of readers who access the Haiti-Observateur newspaper, at least through the internet, hail from the United States (with Florida being the largest contingent), followed by Canada and Haiti. The newspaper is also circulated in print, at a cost of $90.00 per year for United States residents.

---

[3] *See* http://www.haiti-observateur.net/about.html (accessed Jan. 8, 2013).

[4] *See id*.

[5] *See* http://www.haiti-observateur.net/miss.html (accessed Jan. 8, 2013).

21.     On numerous occasions, the HOG Defendants published highly libelous statements in the Haiti-Observateur newspaper in print and online (hereinafter referred to as the "HOG Defamatory Stories,") which, among other things, falsely and maliciously stated that Plaintiff (1) was arrested in connection with an investigation into a suspected kidnapper, Clifford Brandt, (2) is part of a gang complicit in kidnappings, illegal drugs, and arms trafficking, (3) partook in the execution of an individual named Ronald Chery, and (4) committed multiple other heinous crimes.

22.     The following are two examples of the HOG Defamatory Stories published in the Haiti-Observateur about Plaintiff:

   a. an article titled "L'homme d'affaires Clifford Brandt arrêté" (translation: "Businessman Clifford Brandt Arrested"), published the week of October 24-31, 2012. A true and correct copy this article, along with a certified translation of same, is attached to Plaintiff's original complaint (D.E. 1-3).

   b. an article titled "Il n'est que le #5 de son réseau" (translation: "Just Number Five (5) in his Network"), published the week of November 7-14, 2012. A true and correct copy of this article, along with a certified translation of same, is attached to Plaintiff's original complaint (D.E. 1-4)

23.     On December 21, 2012, Plaintiff sent a demand letter, pursuant to Fla. Stat. § 770.02, to the HOG Defendants, demanding an apology and a retraction of all defamatory statements made about Plaintiff. (A true and correct copy of the December 21, 2012 demand letter is attached to Plaintiff's original complaint (D.E. 1-5).

24.     The HOG Defendants have not issued a correction, apology or retracted the highly libelous statements made about Plaintiff, as of the date of the filing of this Complaint.

**General Allegations against the H-T Defendants and www.haitian-truth.org**

25.     In a similar vein to the Haiti-Observateur newspaper, the website www.haitian-truth.org holds itself out as being "dedicated to the open discussion of topics pertaining to daily life in Haiti, publicly sharing the activities of the Government, and exposing activities of the individuals that are in positions of influence and power."[6]

26.     Unfortunately, however, www.haitian-truth.org publishes malicious and defamatory articles in its oft misguided quest to "expose" those in positions of influence and power, such as Plaintiff.

27.     On at least two occasions, the H-T Defendants published highly libelous statements on www.haitian-truth.org (hereinafter referred to as the "HT.com Defamatory Stories,") which, among other things, falsely and maliciously stated that Plaintiff (1) is involved in gang activities, along with suspected kidnapper Clifford Brandt, and (2) paid a hit-man millions of dollars to have a political rival assassinated.

28.     The following are two examples of the HT.com Defamatory Stories published on www.haitian-truth.org about Plaintiff:

      a.  an article captioned "FLASH – FLASH – FLASH - Open Warfare between Gangs Controlled by Brandt and Dimitri Vorbe . . ." This article formerly appeared at the following URL: http://www.haitian-truth.org/flash-%E2%80%93-flash-%E2%80%93-flash-open-warfare-between-gangs-controlled-by-brandt-and-dimitri-vorbe-in-cite-soleir-simone-belico/. This article was removed from www.haitian-truth.org after undersigned sent a letter to Domains By Proxy, LLC (D.E. 1-1)

---

[6] *See* http://www.haitian-truth.org/welcome-to-this-news-site/ (accessed Jan. 8, 2013)

-6-

   demanding that the article be removed and the identity of the owners of the website be revealed.

  b. an article captioned "FLASH – FLASH – FLASH RENE PREVAL – DIMITRI VORBE HIT TEAM FOR CEANT & SWEET MICKEY . . ." This article formerly appeared at the following URL: http://www.haitian-truth.org/flash-%E2%80%93-flash-%E2%80%93-flash-rene-preval-%E2%80%93-dimitri-vorbe-hit-team-for-ceant-sweet-mickey-does-this-mean-vorbe-loses-his-american-visa/. This article was also removed from www.haitian-truth.org after undersigned sent the letter to Domains By Proxy, LLC (D.E. 1-1).

**COUNT I – DEFAMATION**
**(against the HOG Defendants)**

29. Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-four (24) as if fully set forth herein.

30. The HOG Defendants published the HOG Defamatory Stories, or allowed them to be published.

31. At the time the HOG Defamatory Stories were published, the HOG Defendants knew, should have known, or were negligent in not knowing that each of the defamatory statements about Plaintiff's alleged involvement in criminal activity was false.

32. The HOG Defamatory Stories falsely accuse Plaintiff of committing heinous crimes and/or infer that Plaintiff is a criminal, and are therefore libelous *per se*.

33. As a direct and proximate result of the publication of the HOG Defamatory Stories, Plaintiff suffered great upset, shock, mental and emotional distress, shame, humiliation,

embarrassment and damage to his reputation. Furthermore, Plaintiff's business relationships and dealings have been damaged.

34. At the time the HOG Defendants published the HOG Defamatory Stories, they had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage to Plaintiff.

35. Upon information and belief, the HOG Defendants acted with evil motive and actual malice, with intent to injure, disgrace and defame Plaintiff, and with intent to cause Plaintiff emotional distress and to falsely depict Plaintiff as a criminal.

WHEREFORE, Plaintiff demands judgment against the HOG Defendants, jointly and severally, for general, special and punitive damages, costs and any further relief this Court deems just and proper.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(against the HOG Defendants)**

36. Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-four (24) as if fully set forth herein.

37. The HOG Defendants published the HOG Defamatory Stories, or allowed them to be published, which falsely accuse Plaintiff of committing heinous crimes and/or infer that Plaintiff is a criminal.

38. The HOG Defendants' conduct was intentional or reckless.

39. The HOG Defendants' conduct was outrageous.

40. The HOG Defendants' conduct was intended to, and did in fact, cause severe emotional distress to Plaintiff.

41. As a direct and proximate result of the HOG Defendants' conduct, Plaintiff suffered great upset, shock, mental and emotional distress.

42. At the time the HOG Defendants published the HOG Defamatory Stories, they had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage to Plaintiff.

43. Upon information and belief, the HOG Defendants acted with evil motive and actual malice, with intent to injure, disgrace and defame Plaintiff, and with intent to cause Plaintiff emotional distress and to falsely depict Plaintiff as a criminal.

WHEREFORE, Plaintiff demands judgment against the HOG Defendants, jointly and severally, for general, special and punitive damages, costs and any further relief this Court deems just and proper.

## COUNT III – DEFAMATION
### (against the H-T Defendants)

44. Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) and twenty-five (25) through twenty-eight (28) as if fully set forth herein.

45. The H-T Defendants published the HT.com Defamatory Stories, or allowed them to be published.

46. At the time the HT.com Defamatory Stories were published, the H-T Defendants knew, should have known, or were negligent in not knowing that each of the defamatory statements about Plaintiff's alleged involvement in criminal activity was false.

47. The HT.com Defamatory Stories falsely accuse Plaintiff of committing heinous crimes and/or infer that Plaintiff is a criminal, and are therefore libelous *per se*.

48. As a direct and proximate result of the publication of the HT.com Defamatory Stories, Plaintiff suffered great upset, shock, mental and emotional distress, shame, humiliation, embarrassment and damage to his reputation. Furthermore, Plaintiff's business relationships and dealings have been damaged.

49. At the time the H-T Defendants published the HT.com Defamatory Stories, they had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage to Plaintiff.

50. Upon information and belief, the H-T Defendants acted with evil motive and actual malice, with intent to injure, disgrace and defame Plaintiff, and with intent to cause Plaintiff emotional distress and to falsely depict Plaintiff as a criminal.

WHEREFORE, Plaintiff demands judgment against the H-T Defendants, jointly and severally, for general, special and punitive damages, costs and any further relief this Court deems just and proper.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(against the H-T Defendants)**

51. Plaintiff incorporates and re-alleges paragraphs one (1) through sixteen (16) and twenty-five (25) through twenty-eight (28) as if fully set forth herein.

52. The H-T Defendants published the HT.com Defamatory Stories, or allowed them to be published, which falsely accuse Plaintiff of committing heinous crimes and/or infer that Plaintiff is a criminal.

53. The H-T Defendants' conduct was intentional or reckless.

54. The H-T Defendants' conduct was outrageous.

55. The H-T Defendants' conduct was intended to, and did in fact, cause severe emotional distress to Plaintiff.

56. As a direct and proximate result of the H-T Defendants' conduct, Plaintiff suffered great upset, shock, mental and emotional distress.

57. At the time the H-T Defendants' published the HT.com Defamatory Stories, they had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage to Plaintiff.

58. Upon information and belief, the H-T Defendants' acted with evil motive and actual malice, with intent to injure, disgrace and defame Plaintiff, and with intent to cause Plaintiff emotional distress and to falsely depict Plaintiff as a criminal.

WHEREFORE, Plaintiff demands judgment against the H-T Defendants, jointly and severally, for general, special and punitive damages, costs and any further relief this Court deems just and proper.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 8, 2013

Respectfully Submitted,

*/s/ Josh Spoont*
_____
**Gary S. Betensky**, Esq. (Fla. Bar No. 0434302)
gbetensky@richmangreer.com
**Joshua L. Spoont**, Esq. (Fla. Bar No. 053263)
jspoont@richmangreer.com
RICHMAN GREER, P.A.
One Clearlake Centre
250 Australian Avenue South, Suite 1504
West Palm Beach, Florida 33401

-11-

*Vorbe v. Joseph, et. al*
Amended Complaint

Telephone: (561) 803-3500
Facsimile:   (561) 820-1608
*Attorneys for Plaintiff, Dimitri Vorbe*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

_____
JOSHUA L. SPOONT

### SERVICE LIST

Haiti-Observateur Group
Brooklyn Naval Yard, Bldg. 58
63 Flushing Ave., Unit 277
Brooklyn, NY 11205

Haiti-Observateur Group
P.O. Box 356237
Briarwood, NY 11435-6235

Leopold Joseph
13968 86th Ave.
Jamaica, NY 11435

Raymond Joseph
865 W. End Ave., Apt. 8C
New York, NY 10025